JUSTICE SCHMIDT, dissenting: The record shows that respondent keeps a filthy house and a rodent-infested yard. When cited by authorities, she temporarily corrects things and then the conditions recur. There is a child living under these conditions. The majority holds that no reasonable person could find these facts create an injurious environment for a child. The idea of the Act is to help respondent learn appropriate parenting skills. Parenting skills include housekeeping skills. The majority’s conclusion “that this had been a recurring problem does not make a fear of relapse more than speculative” defies common sense. 401 Ill. App. 3d at 1107. With respect to respondent’s failure to allow DCFS to confirm the condition of the basement, the majority points out that there is no court order requiring respondent to do so. It was alleged that respondent failed to cooperate with DCFS. There is no allegation that respondent was guilty of contempt of court for violating a court order. By way of example, there is also no court order in effect requiring the respondent to feed her minor child. The absence of a prior court order has nothing to do with whether or not the child was neglected or whether the respondent was cooperating or otherwise taking appropriate action toward the care of the child. The court’s finding of neglect is supported by the evidence. It is undoubtedly the first step toward helping respondent develop appropriate parenting skills for the safety and welfare of her child. This is consistent with the intent of the Act. Without the neglect finding, the court is powerless to help respondent or the child. The majority’s finding that no reasonable person could find that a parent who keeps a child in a filthy home is not guilty of neglect by virtue of providing an injurious environment defies all reason. What happens to this child when the code enforcement officer or others fail to observe the conditions? The respondent obviously needs help with parenting skills. The trial court put the wheels in motion to provide her with that help. The majority has put a stop to that. The majority substitutes its judgment for that of the trial court. This ignores the appropriate standard of review. I, therefore, dissent.